This action was brought by an administrator to recover damages resulting, as alleged, from the negligence of *Page 265 
the defendant in failing to provide the warning signals required by statute to protect "employees on top of cars from injury" by low bridges overhanging railroad tracks. (L. 1884, ch. 439, § 2.)
The accident is alleged to have occurred at Wheeler's bridge, which passes over the tracks of the defendant about three miles west of Rome. The distance from the top of the rail to the bottom of the bridge was, until a recent change, about seventeen feet, while the height of ordinary freight cars is ten feet and nine inches, and of refrigerator cars twelve feet and five inches. On the 11th of November, 1887, the plaintiff's intestate was acting as head brakeman on a freight train composed of twenty-nine refrigerator and three ordinary freight cars. It was his first trip as brakeman, and he had passed but once before under Wheeler's bridge, which had no warning signals on either side to notify trainmen of danger. The rules of the defendant required conductors to see that the men employed upon trains were at their posts upon descending grades, and not to allow their trains to acquire a greater speed than one mile in four minutes; and it was the duty of the head brakeman to keep watch of the train so as to see that it did not break apart. As the train approached Wheeler's bridge from the west on a grade descending to the east, running at the rate of twenty miles an hour, on a dark, stormy morning, the intestate, no signal for brakes having been given, left the cab without taking his lantern, and climbed upon the top of the car next to the engine. He was seen standing upon that car shortly before the train passed under the bridge and immediately thereafter he was found lying on top of the same car very near the centre, insensible, and in a short time he died. No evidence was given as to the cause of death, other than the facts already stated, and when the plaintiff rested, as well as at the close of the evidence, the defendant moved for a nonsuit upon the ground, among others, that the evidence failed to show that the death of the intestate was caused by the negligence of the defendant. The motion was denied, the defendant excepted, and now urges the failure of *Page 266 
the plaintiff to connect the death of the decedent with the omission to erect warning signals as the main ground for asking a new trial.
In an action to recover damages for negligence, the burden is upon the plaintiff to establish by a fair preponderance of evidence every fact that is essential to his cause of action. It is not enough to show that the defendant was negligent and that the plaintiff was free from negligence, but it is also necessary to show that the negligence of the defendant caused the injury for which a recovery is sought. The negligence must be connected with the injury by natural and uninterrupted sequence, as cause is connected with effect. While direct evidence is not essential, the circumstances must be such as to fairly permit the inference that the negligent condition or act contributed so proximately to the injury that without its agency the accident would not have happened.
Upon the trial of this action the plaintiff failed to meet the burden of proof that the law thus cast upon him by showing that the death of his intestate was caused by contact with the bridge. He did not even show that the deceased was of such a height that, standing erect upon the car, he could have been struck by the bridge. Assuming that in the absence of proof upon the subject, the jury would have been justified in finding that he was of the average height of men, still there was no evidence to warrant the conclusion that any part of his body was hit by the bridge. (Hunter v. N.Y., O. W.R.R. Co., 116 N.Y. 615.) No evidence was given tending to show any wound or bruise upon his person, or that he died from violence instead of disease. For aught that appeared his death might have been owing to some natural cause, such as apoplexy or heart disease. The mere coincidence of his death with the time of passing under the bridge, does not satisfy the burden of proof, under the circumstances of this case, for the evidence is to be considered with reference to the ability of the one side to produce and of the other to contradict. While it is true that slender evidence is sometimes permitted to become the basis *Page 267 
of a finding of fact, it is when it appears that there is no more to be had, and it is allowed under the necessity of the case in order to prevent injustice. No such necessity existed upon the trial under review, for it appeared that a coroner's inquest was held, and the plaintiff, who was the father of the deceased, testified that he attended his funeral. No reason was given for not showing the cause of death or the appearance of the body, and, under such circumstances, it must be presumed that it was within the power of the plaintiff to show, if such were the fact, the existence of fresh wounds sufficient to cause death, and of such a nature as to have been inflicted by striking the bridge. Nothing of the kind was shown, doubtless through inadvertence upon the first trial, and, possibly, through the absence of witnesses upon the second, when the printed testimony was read from an appeal book. The case was not tried upon the assumption by both parties that the injury was owing to the bridge, for the counsel for the defendant, as the case shows, openly contended that there was no proof that the deceased met his death in the manner alleged or through the agency of the defendant. The plaintiff, having shown that his intestate might have been struck by the bridge, and that, although apparently well just before, he was in a dying condition just after passing under it, went no farther in his proof, but asked the jury to find from those facts that the death was owing to the bridge. We are of the opinion that this was not enough, under the circumstances, and that it was incumbent upon him to produce further evidence, or, at least, to show that no more could be had, after due effort to procure it.
The judgment should be reversed and a new trial granted, with costs to abide event.
All concur, except MARTIN, J., not sitting.
Judgment reversed. *Page 268